UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHAHINE LAHLOU, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:11-10622-JLT |
| | * | |
| GREGORY D. DALEY a/k/a | * | |
| GREG DALEY | * | |
| d/b/a DALEY MANAGEMENT, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

June 21, 2012

TAURO, J.

I.   Introduction

This action arises out of a contract dispute between Plaintiff Chahine Lahlou and Defendant Gregory Daley. Presently at issue is Defendant's <u>Motion of Defendant, Gregory D. Daley, for Summary Judgment Pursuant to Fed.R.Civ.P.56</u> [#35]. For the reasons set forth below, Defendant's <u>Motion</u> is ALLOWED IN PART, and DENIED IN PART AS MOOT.

II.   Background

Sometime around 2008, Plaintiff Lahlou, Defendant Daley, Todd Racioppi, and John Racioppi entered into a business venture in Virginia to open Dunkin Donuts stores.[1] Lahlou was in charge on the day-to-day operations of the business venture,[2] and he signed an employment

---

[1] Chahine Lahlou Dep. 29:6-31:4, Sept. 27, 2011 [#36-2].

[2] Lahlou Dep. 36:14-16.

agreement on May 17, 2008.[3] After just over a year of operations, the business venture officially shut down on August 23, 2009.[4] After the shuttering of the business, there was a falling out between Lahlou and Daley, and Lahlou filed suit against Daley in Virginia.[5] The parties settled that lawsuit in mediation, and Daley was ordered to pay Lahlou a sum of money.[6]

Around the time of the mediation in the Virginia lawsuit, Daley and Lahlou began to discuss the possibility of Lahlou moving to Connecticut to work for Daley in Connecticut and Rhode Island.[7] The two parties eventually reached an employment agreement, but they never entered into a written contract.[8] Although the parties never entered into a written contract, Lahlou believed that Daley was offering him a position for, at a minimum, a year-and-a-half in length.[9] Lahlou moved in to Daley's home in Connecticut, and began working for Daley in Connecticut and Rhode Island during the first week of January in 2011.[10]

On January 22, 2012, Mr. Thomas, a business partner of Daley, told Lahlou that if Lahlou continued to seek payment from Daley in accordance with the settlement in the Virginia lawsuit,

---

[3] Lahlou Dep. 47:5-16.

[4] Lahlou Dep. 53:2-4.

[5] Lahlou Dep. 56:10-11.

[6] Lahlou Dep. 56:14-16.

[7] See Lahlou Dep. 62:8-10, 65:9-16.

[8] Lahlou Dep. 103:4-5.

[9] Lahlou Dep. 105:3-4.

[10] Lahlou Dep. 130:24-131:4.

Lahlou should not return to work.[11] Lahlou interpreted Mr. Thomas's comments to mean that if Lahlou did not abandon seeking his award from the Virginia lawsuit, Thomas and Daley would terminate his employment.[12] Lahlou, subsequently, did not return to work.           On March 15, 2011, Lahlou filed this suit in Massachusetts Superior Court. Lahlou asserted two claims: (1) breach of contract, and (2) fraud in the inducement. The case was removed to the United States District Court for the District of Massachusetts on April 12, 2011. Defendant filed Motion of Defendant, Gregory D. Daley, for Summary Judgment Pursuant to Fed.R.Civ.P.45 [#35] on December 8, 2011. Plaintiff filed Plaintiff's Opposition to Defendant's Motion for Summary Judgment [#39] on January 31, 2012. On February 1, 2012, the parties filed a Partial Stipulation of Dismissal Relating to Count II (Fraud in the Inducement) [#41]. The court heard arguments on Defendant's Motion on April 19, 2012. Because the parties have stipulated to the dismissal of Count II, fraud in the inducement, Defendant's Motion is DENIED AS MOOT only as it relates to that count.

III.   Discussion

    A.   Standard of Review

Fed. R. Civ. P. 56(a) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute exists if "a reasonable jury could resolve the

---

[11] Lahlou Dep. 170:24-171:4.

[12] Lahlou Dep. 176:12-17.

point in the favor of the non-moving party."[13]  A material fact is a fact that "carries with it the potential to affect the outcome of the suit under the applicable law."[14]

The party seeking summary judgment bears the initial burden of establishing that there is no genuine issue of material fact.[15]  If the moving party meets this burden, the non-moving party "must carry 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.'"[16] The court views the record in the light most favorable to the non-moving party and indulges all reasonable inferences in the non-moving party's favor.[17]  The non-moving party, nonetheless, cannot simply "rely[] upon conclusory allegations, improbable inferences, acrimonious invective, or rank speculation."[18] "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate."[19]

## B.   Breach of Contract (Count I)

Here, there is no genuine dispute of material fact.  The parties, rather, disagree as to the legal question of whether Defendant is barred from asserting a statute of frauds defense.  The

---

[13] Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996) (quotations and citations omitted).

[14] Id. (quotations and citations omitted).

[15] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[16] Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (quoting Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)).

[17] See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

[18] Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010).

[19] Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

Massachusetts Statute of Frauds states:

> No action shall be brought:
>
> \* \* \*
>
> Upon an agreement that is not to be performed within one year from the making thereof;
>
> Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person there unto by him lawfully authorized.[20]

Under Massachusetts law, the party against whom enforcement of the contract is sought may be estopped from raising a statute of frauds defense if that party has made a material misrepresentation that the other party relied upon.[21] The following three factors must be satisfied in order for estoppel to preclude a statute of frauds defense:

> (1) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3) Detriment to such person as a consequence of the act or omission.[22]

This court and Massachusetts state courts have found, however, that estoppel only applies in cases where the plaintiff pleads both breach of contract and an additional claim based on fraud

---

[20] Mass. Gen. Laws ch. 259, § 1.

[21] Cohoon v. Citizens Bank, No. 002774, 2000 WL 33170737, at *4 (Mass. Supp. Nov 11, 2000).

[22] Shutzer v. S. Rothschild & Co., Inc., No. 05-11486-MLW, 2006 WL 2691692, at *3 (D. Mass. Sept. 19, 2006) (citing Palandjian v. Pahlavi, 614 F. Supp. 1569, 1581 (D. Mass. 1985)).

or deceit.[23]  In Shutzer, for example, the plaintiff brought claims for breach of contract, breach of the implied covenant of good faith, estoppel, fraud, violation of Mass. Gen. Laws ch. 93A, and unjust enrichment.[24]  Estoppel, thus, allows the injured party to recover under a theory of reliance while the statute of frauds bars enforcement of the contract itself.[25]  This is a logical conclusion because it balances the intent behind the statute of frauds with the principle "that a wrongdoer should not be allowed to benefit from his wrong."[26]  This approach "best preserves the purpose and clear meaning of the Statute of Frauds[,]" and is consistent with the language of the Statute.[27]

Here, during his deposition, Lahlou stated repeatedly that he understood his employment with Daley would be for at least a year-and-a-half,[28] and that the parties never entered into a

---

[23] See Chmura v. Ingham, MIC Tech. Corp., No. 89-2826-MC, 1990 WL 117917, at *1 (D. Mass. Aug. 3 1990) ("The cases plaintiff relies on to support his estoppel theory deal with claims not only of breach of contract but of fraud and deceit as well."); see also McTernan v. Haley & Aldrich, Inc., No. 945905, 1995 WL 1146823, at *5 (D. Mass. Sept. 25, 1995) ("Despite the plaintiff's argument, the court recognizes *Chmura v. Ingham*, No. 89-2826-Mc (D. Mass Aug. 1990) as persuasive authority for the proposition that the plaintiff's estoppel theory should only be applied in cases where there are claims of fraud and deceit as well as breach of contract.").

[24] Shutzer, 2006 WL 2691692, at *1.

[25] M.H. Promotion Group, Inc. v. Cincinnati Milacron Inc., No. CIV. A. 96-0832C, 1988 WL 52239, at *6 (D. Mass. Jan 28, 1998) ("The consequence of this finding is to bar benefit of the bargain damages but permit reliance damages, thereby fully compensating the promisee for all damages resulting from his unfortunate but reasonable reliance on the unkept promises of the promisor but denying him the damages that would have resulted had the written [contract] been executed and breached.").

[26] Id. at *6.

[27] Id. at 6-7.

[28] See Lahlou Dep. at 98:18-21 ("By long it can be five years, 10 years, 20 years but it was long enough where I'm going to be able to come back."); Lahlou Dep. 105:3-4 ("It was at least a year and a half to two years."); Lahlou Dep. 106:17-20 ("He said, 'Chahine, you know these deals

written employment contract.[29]  Under the terms of the Massachusetts Statute of Frauds, as a contract that could not be performed within one year, it cannot be enforced unless it was in writing,[30] which it was not.[31]

Lahlou has argued that Daley is estopped from asserting the statute of frauds defense because Lahlou relied upon Daley's material misrepresentations.  Lahlou originally brought claims for breach of contract (Count I) and fraud in the inducement (Count II).  The parties stipulated, however, to dismissal with prejudice of Count II, fraud in the inducement.  This currently leaves Lahlou with only Count I, breach of contract.  Estoppel of the Massachusetts Statute of Frauds due to material misrepresentation is unavailable when the only claim asserted is breach of contract.[32]  Defendant's Motion of Defendant, Gregory D. Daley, for Summary Judgment Pursuant to Fed.R.Civ.P. 56 [#35] is, therefore, ALLOWED IN PART as to Count I, breach of contract.

### C.    Fraud in the Inducement (Count II)

---

are complex.  It's going to take at least a year and a half, two years to put this thing together.'"); Lahlou Dep. 110:10-13 ("Yes, we had a firm understanding that I'm going to be employed with him for a long time and it could be a year and a half, two years, five years, that's what I mean by long term."); Lahlou Dep. 186:14-17 ("Until we get the stores opened, and by that it's going to be at least a year to a year and a half.  No question about that in my mind on in his mind.")

[29] Lahlou Dep. 105:4-8 ("It was never put in writing.  There was never something that was put in concrete because he didn't want to make the same mistake–and I quoted him–as Virginia . . . .").

[30] Mass. Gen. Laws ch. 259, § 1.

[31] Lahlou Dep. 105:4-8.

[32] Mcternan, 1995 WL 1146823, at *5.

Because the parties have stipulated to the dismissal with prejudice of Count II, fraud in the inducement, Daley's Motion of Defendant, Gregory D. Daley, for Summary Judgment Pursuant to Fed.R.Civ.P. 56 [#35] is DENIED IN PART AS MOOT as it relates to this count.

IV.   Conclusion

For the foregoing reasons, Defendant's Motion of Defendant, Gregory D. Daley, for Summary Judgment Pursuant to Fed.R.Civ.P.56 [#35] is ALLOWED IN PART, and DENIED IN PART AS MOOT.  The Motion is ALLOWED as to Count I and DENIED AS MOOT as to Count II of the Complaint [#1-1].

The following five motions are DENIED AS MOOT: (1) Motion of Defendant, Gregory D. Daley, *in Limine* to Preclude Evidence of an Uncollected Certified Letter Sent by Plaintiff's Counsel to Defe[n]dant Relative to Collateral Litigation [#28]; (2) Motion of Defendant, Gregory D. Daley, *in Limine* to Preclude Evidence or Testimony Relating to Insurance Coverage [#29]; (3) Motion of Defendant, Gregory D. Daley, *in Limine* to Limit Plaintiff to Out-of-Pocket Expenses Relative to His Fraud in the Inducement Count [#30]; (4) Motion of Defendant, Gregory D. Daley, *in Limine* to Preclude Plaintiff from Seeking Damages in Excess of Plaintiff's Trial Memorandum [#31]; and (5) Motion of Defendant, Gregory D. Daley, *in Limine* to Preclude Evidence Regarding Defendant's Default Judgment in the Previous Litigation between Defendant and Plaintiff [#33].

AN ORDER HAS ISSUED.

      /s/ Joseph L. Tauro
United States District Judge